IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DANIEL HOLDREN**,

   Plaintiff,

v.               CIVIL ACTION NO.: 3:18-CV-88 (GROH)

**THE W VA COALITION TO END HOMELESSNESS,**

   Defendant.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Pending before the Court is Daniel Holdren's ("Plaintiff") pro se Motion [ECF No. 2] for Leave to Proceed *in forma pauperis*.[1] Because Plaintiff seeks to proceed without prepaying fees, the undersigned must conduct a preliminary review to determine whether Plaintiff's pro se Complaint [ECF No. 1] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B). Although Plaintiff's Complaint is far from clear, the undersigned nevertheless concludes that this Court lacks subject-matter jurisdiction over his claims. Accordingly, the undersigned recommends that Plaintiff's complaint be dismissed without prejudice and that Plaintiff's motion to proceed *in forma pauperis* be denied as moot.

---

[1] This motion was referred to the undersigned by order dated May 30, 2018. Order of Referral, ECF No. 4.

## II.     BACKGROUND

### A. The Facts

April 30, 2018, the West Virginia Coalition to End Homelessness ("Defendant") filed a complaint in the Magistrate Court of Berkeley County, West Virginia, arguing that Plaintiff—having been given thirty days' notice—should be removed from the property and not allowed to return because Plaintiff is not eligible for the housing program and has not signed a lease for the property. ECF No. 1-2 at 4. On May 9, 2018, Plaintiff filed an answer to the complaint denying the allegations and arguing that he is in compliance under "Federal Guidelines." On May 25, 2018, the Berkeley County Magistrate Court notified Plaintiff to appear for a hearing, which would be held on May 31, 2018. ECF No. 1-1 at 1.

### B. The Complaint

Five days later, on May 30, 2018, Plaintiff filed the instant pro se Complaint in this Court arguing that he is entitled to relief because he is in compliance with "Federal Guidelines." ECF No. 1 at 1. On his Civil Cover Sheet, under "Basis of Jurisdiction," Plaintiff checked the boxes indicating that both the plaintiff and the defendant are the U.S. Government. ECF No. 1-8 at 1. In addition, under "Citizenship of Principal Parties," Plaintiff notes that both Plaintiff and Defendant are citizens of "This State," meaning West Virginia. Id.

The undersigned addresses the merits of Plaintiff's complaint below.

### III. DISCUSSION

#### A. Legal Standard

If a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court"). Subject-matter jurisdiction in federal courts must be based on diversity jurisdiction or federal-question jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction has two requirements: First, there must be complete diversity of citizenship, meaning that each plaintiff is a citizen of a different state than each defendant. 28 U.S.C. § 1332. Second, the amount in controversy must exceed $75,000.00. Id. By contrast, federal-question jurisdiction only requires that the action "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Pursuant to the well-pleaded complaint rule, "a federal question must appear on the face of [the] plaintiff's . . . complaint." Sharp v. AT & T Commc'ns, 660 F. Supp. 650, 650 (N.D. W. Va. 1987).

#### B. The Court Lacks Subject Matter Jurisdiction

Although Plaintiff seeks relief from the civil action filed against him in state magistrate court, this Court does not have jurisdiction to address his claim for three reasons. First, the only parties to this case are Plaintiff, a West Virginia citizen, and Defendant, a West Virginia non-profit organization. Because neither party is the United States, this Court does not have jurisdiction under 28 U.S.C. §§ 1345 or 1346. Second, Plaintiff and Defendant are citizens of the same state (West Virginia).

Because the parties are not completely diverse, this Court does not have jurisdiction under 28 U.S.C. § 1332. Third, a federal question does not appear on the face of Plaintiff's Complaint. See generally ECF No. 1. Indeed, even when liberally construed, nothing in Plaintiff's Complaint appears to raise a question of federal law. Rather, it only seeks relief from the civil action filed against him in state magistrate court. Because a federal question does not appear on the face of Plaintiff's Complaint, this Court does not have federal-question jurisdiction under 28 U.S.C. 1331.

## IV.     RECOMMENDATION

For the foregoing reasons, I find that this Court lacks subject matter jurisdiction and dismissal is warranted pursuant to the Federal Rule of Civil Procedure 12(h)(3). Accordingly, I **RECOMMEND** that Plaintiff's pro se Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and that Plaintiff's Motion [ECF No. 2] for Leave to Proceed *In Forma Pauperis* [ECF No. 2] be **DENIED** as moot.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, Plaintiff may file written objections identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections with the Clerk of the Court. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845-48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 31st day of May, 2018.

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE